UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIN-MAUREEN LAFFERTY,<br><br>                    Plaintiff,<br><br>     v.<br><br>SHELLEY SMITH, et al.,<br><br>                    Defendants. | CASE NO. C17-0513JLR<br><br>ORDER |

## I.   INTRODUCTION

Before the court are two motions: Plaintiff Erin-Maureen Lafferty's motion for default judgment (DJ Mot. (Dkt. # 3)); and Defendants Shelley Smith, Jan Spicer, and John Koskinen's (collectively, "the Government")[1] motion to dismiss Ms. Lafferty's

//

---

[1] Ms. Lafferty, who is proceeding *pro se*, sues Ms. Smith, Ms. Spicer, and Mr. Koskinen in their official capacities as officers of the Internal Revenue Service ("IRS"). (*See* Am. Compl. (Dkt. # 2) at 1-2.) "[A] suit against IRS employees in their official capacity is essentially a suit against the United States." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Accordingly, the court refers to all three defendants as "the Government."

amended complaint (MTD (Dkt. # 4)). The Government opposes Ms. Lafferty's motion (Resp. to DJ Mot. (Dkt. # 5)), whereas Ms. Lafferty failed to respond to the Government's motion (*see* Dkt.). The court has considered the parties' briefing on the motions, the relevant portions of the record, and the applicable law. Considering itself fully advised,[2] the court DENIES as moot Ms. Lafferty's motion for default judgment, GRANTS the Government's motion to dismiss, and DISMISSES this case with prejudice.

## II. BACKGROUND

Ms. Lafferty, who is proceeding *pro se*, challenges the validity of the IRS's collection of income taxes and a related tax lien. (*See* Am. Compl. at 4.) Although her filings are opaque, she appears to contend that the IRS's tax collection efforts violate a variety of federal statutes. (*See id.* at 2.) She therefore asks the court to determine whether "the IRS is in Final Administrative Default, and has lost its standing to maintain any semblance of a valid or verified claim" to her property. (*Id.*; *see also id.* at 4 ("IRS now appears to be unlawfully coercing conversion of Plaintiff's equity based on inchoate Notices of Federal Tax liens and levies.").) To her complaint, Ms. Lafferty attaches "[a] small portion of over a decade's worth of paperwork." (*Id.* at 2; *see also id.* at 5-30.)

On June 1, 2017, having never had default entered against any defendant, Ms. Lafferty moved for default judgment on the basis that the Government had not yet filed a

//

---

[2] Neither Ms. Lafferty nor the Government requested oral argument on either motion, and the court concludes oral argument would not aid in its disposition of the motions. *See* Local Rules W.D. Wash. LCR 7(b)(4).

pleading responsive to her amended complaint. (DJ Mot.) On June 5, 2017, the Government opposed Ms. Lafferty's motion (Resp. to DJ Mot.) and moved to dismiss her case (MTD). The motions are now before the court.

### III.    ANALYSIS

The Government argues—and Ms. Lafferty fails to refute—that the court lacks jurisdiction over Ms. Lafferty's claims. (*See* MTD at 1-10.) The court agrees. *See* 26 U.S.C. § 7421(a); 28 U.S.C. § 2201(a). Subject to certain exceptions not applicable here, the Internal Revenue Code prohibits suits "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a); *see also Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990) (citing *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736-37 (1974)) (confirming that Section 7421(a) divests the court of jurisdiction). Such suits cannot "be maintained in any court by any person." 26 U.S.C. § 7421(a). Furthermore, the Declaratory Judgment Act specifically divests the court of jurisdiction to afford Ms. Lafferty any declaratory relief. 28 U.S.C. § 2201(a); *Hughes v. United States*, 953 F.2d 531, 536-37 (9th Cir. 1992). Ms. Lafferty's amended complaint challenges the assessment and collection of a tax and seeks declaratory relief. (*See* Am. Compl. at 2-4.) Therefore, 26 U.S.C. § 7421(a) and 28 U.S.C. § 2201(a) divest the court of jurisdiction over her claim. The court accordingly dismisses Ms. Lafferty's amended complaint.

Courts must not dismiss a *pro se* complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203 (9th Cir. 1988)). Here, Ms. Lafferty's complaint, amended

complaint, and related filings demonstrate that her claims are based on an irredeemably flawed legal theory. Unequivocal precedent makes it absolutely clear that amendment would be futile. *See Akhtar*, 698 F.3d at 1212; *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The court therefore denies Ms. Lafferty leave to amend her complaint. Because Ms. Lafferty's claims are barred "in any court," 26 U.S.C. § 7421(a), the court dismisses her claims with prejudice, *see Hovgaard v. I.R.S.*, No. C-97-3054 VRW, 1997 WL 811764, at *1 (N.D. Cal. Dec. 22, 1997) ("No matter how meritorious [the plaintiff]'s claim may be, the court therefore lacks the authority to hear it, and this case must be dismissed with prejudice."); *cf. Altman v. Fuller*, 680 F. Supp. 1435, 1436 (D. Haw. 1987) (dismissing without prejudice where the plaintiff had a plausible opportunity to properly refile the suit following the completion of a separate tax lawsuit).[3]

## IV. CONCLUSION

Based on the foregoing analysis, the court DENIES as moot Ms. Lafferty's motion for default judgment (Dkt. # 3), GRANTS the Government's motion to dismiss (Dkt.

//

//

//

//

---

[3] Because the court dismisses this case with prejudice, it DENIES Ms. Lafferty's motion for default judgment as moot. (*See* DJ Mot.)

1 | # 4), and DISMISSES the amended complaint with prejudice.

2 | Dated this 25th day of July, 2017.

*[signature]*

JAMES L. ROBART
United States District Judge